**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br>Case No. 25-10208 (TMH)<br>**Re: Docket No. 2**<br>**Obj. Deadline: March 4, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: March 11, 2025 at 3:00 p.m. (ET)** |

**OBJECTION OF UNITED STATES INTERNATIONAL DEVELOPMENT FINANCE CORPORATION TO VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND MOTION FOR ORDER GRANTING FULL FORCE AND EFFECT TO THE *CONCURSO* PLAN AND RELATED RELIEF PURSUANT TO 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 AND 1521**

The United States International Development Finance Corporation ("DFC"), an agency of the United States of America, by and through its undersigned counsel, hereby files this objection (this "Objection") to the *Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [Docket No. 2] (the "Verified Petition") filed by Robert Wagstaff (the "Foreign Representative") as the proposed foreign representative of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. (the "Foreign Debtor").[2] In support of this Objection, DFC respectfully represents as follows:

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815. The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

ny-2915500

**PRELIMINARY STATEMENT**

1. By the Verified Petition, the Foreign Representative asks the Court to recognize a Mexican *concurso* plan (the "Concurso Plan") that non-consensually releases third-party claims, including claims for fraud and intentional misrepresentation, against directors, officers, and shareholders of the Foreign Debtor. The Bankruptcy Code does not authorize non-consensual third-party releases, and expressly prohibits any discharge of claims for fraud and intentional misrepresentation. In addition, the proposed releases are manifestly contrary to public policy and should be rejected on that independent basis. Recognition must be denied.

**BACKGROUND**

2. DFC is the United States' development finance institution and an agency of the United States of America. DFC and Foreign Debtor are parties to a certain Finance Agreement, dated as of December 18, 2020 (the "Finance Agreement"). The stated purpose of the Finance Agreement was to enable the Foreign Debtor to provide loans to qualifying small and medium-sized enterprises in Mexico. *See* Finance Agreement, "Recital." The Foreign Debtor is currently indebted to DFC under the Finance Agreement in the principal amount of $95,833,333.33, plus accrued fees and interest (the "DFC Claim").

3. On October 6, 2023, Foreign Debtor commenced a *concurso* proceeding (the "Concurso Proceeding") in Mexico seeking approval of the Concurso Plan.[3] On March 20, 2024, over DFC's written objections, the Mexican court overseeing the Concurso Proceeding (the "Mexican Court") entered a judgment (the "Claims Order") allowing and establishing the ranking and priority of claims against the Foreign Debtor (the holders of such claims, the "Recognized Creditors"). The Claims Order identified DFC as a Recognized Creditor, although DFC believes

---

[3] An overview of the Concurso Proceeding, the Concurso Plan, and historical background can be found in the Verified Petition.

the Claims Order improperly categorized the DFC Claim as an unsecured claim rather than a secured claim. DFC subsequently filed an appeal of the Claims Order.[4]

4. The Concurso Plan contains, among other things, a third-party release provision (the "Third-Party Release") that broadly releases direct third-party claims (including, for misrepresentation and fraud) against non-debtors, including directors, officers, and shareholders of the Foreign Debtor (collectively, the "Non-Debtor Affiliates"):

> In any event, the [Foreign Debtor] and **the Recognized Creditors agree not to bring any action, complaint, claim or demand, as the case may be, against** the Participating Recognized Creditors nor [the Foreign Debtor], respectively, as well as its **shareholders, its former CEO Felipe Guelfi Regules, liquidator, directors, officers, secretaries**, depositaries and officers, and The Bank of New Mellon, as trustee for [the Foreign Debtor's] foreign-denominated bonds denominated in U.S. dollars, legal tender in the United States of America, and euros, legal tender in the European Union, as the case may be, **for any act or omission incurred by them** during the Bankruptcy Proceeding and **at any time prior to the execution of this Agreement**, except for actions, complaints, claims or demands, as the case may be, for acts or omissions of [the Foreign Debtor] that have caused damage or impairment to the Bankruptcy Estate and that they have failed to declare or disclose to the Participating Recognized Creditors during the negotiations of this Settlement Agreement and up to the date of its execution.[5]

5. On August 15, 2024, over DFC's written objections, the Mexican Court entered an order approving the Concurso Plan (the "Approval Order"). In November 2024, DFC filed an appeal of the Approval Order. In that appeal, DFC, among other things, objected to the standing

---

[4] In April 2024, DFC filed an appeal of the Mexican Court's determination that DFC was an unsecured creditor rather than a secured creditor. DFC contended, with support from a New York law legal opinion, that the Mexican Court did not thoroughly analyze the springing lien provision under the Finance Agreement and the Mexican conciliator has the authority to recognize DFC's secured status post-petition. This appeal remains pending.

[5] Concurso Plan, Clause 16 (emphasis supplied); *see Declaration of Juan Pablo Estrada Michel Pursuant to 28 U.S.C. § 1746 in Support of the Petitioner's Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [Docket No. 3-5].

Case 25-10208-TMH    Doc 30    Filed 03/04/25    Page 4 of 8

of the Mexican liquidator and the Foreign Debtor to enter into the Concurso Plan, the merits of entering into the Concurso Plan, and the propriety of the Third-Party Release.

6. On February 7, 2025, the Foreign Representative filed the Verified Petition. The Verified Petition seeks entry of a proposed order (the "Proposed Order") that provides, among other things, that the Concurso Plan (including the Third-Party Release contained therein) is "recognized, granted comity, and given full force and effect" and "is binding on all creditors" of the Foreign Debtor. *See* Proposed Order ¶ 5.

## OBJECTION

7. The Concurso Plan cannot be recognized in its current form, because the Third-Party Release is not authorized by the Bankruptcy Code and is manifestly contrary to the public policy of the United States.

8. Chapter 15 of the Bankruptcy Code does not provide a statutory basis for granting the Third-Party Release. Section 1521(a)(1)-(7) and (b) authorizes the Court to provide foreign debtors with specifically enumerated relief, but the categories of relief do not include non-consensual third-party releases. *See, e.g., In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1058 (5th Cir. 2012) (noting these provisions do not provide a basis for discharging claims against non-debtor guarantors). Section 1521's grant of "any appropriate relief" also does not provide the necessary basis, because the phrase "any appropriate relief" is limited to relief available under the Bankruptcy Code, which non-consensual third-party releases are not. *See id.* at 1059; *see also Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024). Finally, section 1507, which authorizes a Court to grant "additional assistance" to foreign debtors that might otherwise be unavailable as a matter of U.S. law, does not provide a statutory basis for Third-Party Release because, among other things, the Foreign Representative has not demonstrated the presence of "extraordinary circumstances" required to justify such relief. *See Vitro*, 701 F.3d at 1066.

9.  In addition, the Third-Party Release is manifestly contrary to the public policy of the United States and should be denied recognition for that independent reason. Section 1506 of the Bankruptcy Code provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. Just last year, in *Harrington v. Purdue Pharma L.P.*, the United States Supreme Court explained that the Bankruptcy Code does not authorize non-consensual third-party releases or permit a non-consensual discharge of claims based on "fraud" or "willful and malicious injury." 603 U.S. 204, 205 (2024); *see also* 11 U.S.C. § 523(a)(2), (4), (6). In the chapter 15 context, one bankruptcy court declined to recognize a non-consensual third-party release, finding that the protection of third-party claims in an insolvency proceeding is a fundamental public policy of the United States. *In re Vitro, S.A.B. de C.V.*, 473 B.R. 117, 132-33 (Bankr. N.D. Tex. 2012). Another court declined to enforce a non-consensual third-party release in chapter 15 due to the lack of "a clear and formal record that sets forth whether or how the foreign court considered the rights of creditors" in granting the release, or anything "in the record about the justification for any third-party release." *See In re PT Bakrie Telecom Tbk*, 628 B.R. 859, 885 (Bankr. S.D.N.Y. 2021).

10.  The policy against releasing claims against non-debtors without the transparency afforded by a bankruptcy process is heightened where, as here, the non-consensual release, if approved, would encompass fraud or intentional misrepresentation. In the Second Circuit, a jurisdiction that permitted non-consensual third-party releases before *Purdue Pharma*, a non-consensual third-party release provision could not discharge claims for fraud or willful misconduct as a matter of law. *See, e.g., In re Dynegy Inc.*, 486 B.R. 585, 594 (Bankr. S.D.N.Y. 2013) ("The Second Circuit forbids nondebtor releases that grant 'blanket immunity' to the nondebtor parties.

A release gives less than 'blanket immunity' if causes of action based upon theories of 'gross negligence, willful misconduct, fraud, or criminal conduct' are carved out from the scope of the releases.") (citations omitted).

11. DFC, as an agency of the United States of America, has an obligation and responsibility to protect the public fisc. In furtherance of that mission, DFC must ensure that its direct claims against non-debtors, particularly those for fraud or intentional misrepresentation relating to the use of taxpayer funds, are not released without its consent. Although the Mexican Court does not appear to share DFC's concerns, the Bankruptcy Code grants this Court authority to review the Concurso Plan independently for compliance with the Bankruptcy Code and the public policy of the United States. As set forth above, the Concurso Plan fails in both regards. Accordingly, unless the Foreign Representative agrees to omit the Third-Party Release, the Court should deny recognition of the Concurso Plan.

## **RESERVATION OF RIGHTS**

12. This Objection is submitted without prejudice to, and with a full reservation of, DFC's rights, including the right to raise additional arguments regarding the Third-Party Release and the right to raise new arguments in opposition to the Concurso Plan or any other relief requested by the Verified Petition.

[*Remainder of this page intentionally left blank*]

| | |
|---|---|
| Dated: March 4, 2025<br>Wilmington, Delaware | */s/ John C. Gentile*<br>Kevin M. Capuzzi (DE No. 5462)<br>John C. Gentile (DE No. 6159)<br>**BENESCH, FRIEDLANDER,**<br>**COPLAN & ARONOFF LLP**<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>Emails:     kcapuzzi@beneschlaw.com<br>              jgentile@beneschlaw.com<br><br>-and-<br><br>Benjamin Butterfield (*pro hac vice* forthcoming)<br>Darren Smolarski (*pro hac vice* forthcoming)<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, NY 10019-9601<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>Emails:     bbutterfield@mofo.com<br>              dsmolarski@mofo.com<br><br>*Counsel to U.S. International Development Finance Corporation* |

**CERTIFICATE OF SERVICE**

    I, John C. Gentile, hereby certify that on March 4, 2025, a true and correct copy of the foregoing *Objection of United States International Development Finance Corporation to Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant To 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* was served upon all parties of record via CM/ECF.

Dated: March 4, 2025
Wilmington, Delaware

                                        */s/ John C. Gentile*
                                        John C. Gentile (DE No. 6159)