**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*<br><br>Crédito Real, S.A.B. de C.V., SOFOM, E.N.R, *et al.*,[1]<br><br>Debtor in a Foreign Proceeding. | : : : : : : : : : : : | Chapter 11<br><br>Case No. 25-10208 (TMH)<br><br>Hearing Date: March 11, 2025 at 3:00 p.m.<br><br>Objection Deadline: March 6, 2025 at 12:00 p.m. (extended by agreement)<br><br>Re:  D.I. 2 |

**UNITED STATES TRUSTEE'S RESERVATION OF RIGHTS TO PETITIONER'S
VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN
PROCEEDING AND MOTION FOR ORDER GRANTING FULL FORCE
AND EFFECT TO THE CONCURSO PLAN AND RELATED RELIEF
PURSUANT TO 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 AND 1521**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this Reservation of Rights (the "Reservation of Rights") to the *Petitioner's* (the "Chapter 15 Debtor") *Verified Petition For Recognition Of Foreign Main Proceeding And Motion For Order Granting Full Force And Effect To The Concurso Plan And Related Relief Pursuant To 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* (the "Recognition Petition") [D.I. 2], and respectfully states:

**I.    PRELIMINARY STATEMENT**

1.    The Chapter 15 Debtor seeks recognition of its Mexican concurso plan (the "Concurso Plan"), as a foreign main proceeding under the provisions of chapter 15.  The U.S.

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico — 6815. The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

Trustee provided informal comments regarding the Recognition Order, and files this Reservation of Rights to advance ongoing resolutions of those issues.

2.  The U.S. Trustee does not object to the recognition of the Concurso Plan in full but does want to ensure that provisions of this Court's order (i) do not authorize non-consensual third-party releases, (ii) are consistent with sections 1507, 1520, and 1521, and (iii) appropriately cabin injunctive relief consistent with applicable law.

## II.   JURISDICTION AND STANDING

4.  Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine issues relating to the Recognition Petition.

5.  Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 15 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Recognition Petition. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.    FACTUAL BACKGROUND

**General Case Background**

7.    On February 7, 2025, the Chapter 15 Debtor filed its Recognition Petition in this Court. [D.I. 1 & 2]. The *Declaration of Juan Pablo Estrada Michel Pursuant To 28 U.S.C. § 1746 In Support Of The Petitioner's Verified Petition For Recognition Of Foreign Main Proceeding And Motion For Order Granting Full Force And Effect To The Concurso Plan And Related Relief Pursuant To 11 U.S.C. §§ 105, 1507(A), 1509(B), 1515, 1517, 1520 And 1521* (the "Estrada Declaration") was filed on the same date. [D.I. 3].

8.    The Chapter 15 Debtor's assets and wind down operations are managed by Mr. Fernando Alonso-de-Florida Rivero, the Mexican Liquidator, who displaced the Chapter 15 Debtor's directors and management. Estrada Decl. ¶¶ 14 & 48.

9.    The Chapter 15 Debtor is the subject of a prior involuntary chapter 11 petition, Case No. 22-10696 (TMH), and a prior chapter 15 petition, Case No. 22-10630 (TMH). Those matters are subject to pending motions to dismiss.

10.    The Court set hearing for recognition on March 11, 2025, at 3:00 p.m. [D.I. 23]. An objection was filed on March 4, 2025, by the United States International Development Finance Corporation ("DFC") with respect to release relief sought by the Recognition Order. [D.I. 30].

**Terms of the Recognition Order and U.S. Trustee Comments**

11.    Paragraph 5 of the proposed order granting the Recognition Petition (the "Recognition Order") recognizes, grants comity, and gives full force and effect to the same extent as in Mexico, the Concurso Plan and Concurso Order, as amended and modified. The DFC objection states that clause 16 of the Concurso Plan contains relief that protects parties beyond the Chapter 15 Debtor, from "any action, complaint, claim or demand." [D.I. 30 ¶ 4].

12. Paragraph 9 of the proposed Recognition Order exculpates and releases the "Directed Parties."[2]

13. Paragraphs 11 through 13 of the proposed Recognition Order seek broad injunctive relief.

14. The U.S. Trustee is reviewing these and other provisions of the Recognition Order to ensure it is consistent with the relief that can be recognized under sections 1507, 1520, and 1521 and Supreme Court precedent in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024) and is currently engaged in discussions with the Chapter 15 Debtor regarding his concerns. Among those discussions, the U.S. Trustee has requested a revision to the provision to avoid restraining parties from properly exercising rights and instead focus on protecting property within the territorial jurisdiction of the United States, consistent with the ancillary nature of a chapter 15 proceeding.

15. The U.S. Trustee further reserves all rights to comment on and/or take any other appropriate action as to any further changes to the proposed Recognition Order and any ancillary documentation.

16. The U.S. Trustee leaves the Chapter 15 Debtor to its burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, (i) complement, supplement, augment, alter and/or modify this Reservation of Rights; (ii) file an appropriate Motion; (iii) conduct any and all discovery as may be deemed necessary or as may be required; and (iv) assert such other grounds as may become apparent upon further factual discovery.

---

[2] "Collectively, the 'Directed Parties' are: (i) The Bank of New York Mellon, as the indenture trustee of the NY Notes (the '**Indenture Trustee**'); (ii) the Depository Trust Company ('**DTC**'), Euroclear Bank S.A./N.V., and/or Clearstream Banking, Société Anonyme, as clearing systems, as applicable, (iii) Kroll Agency Services Limited, (iv) the custodians of the NY Notes, and (v) the administrative agents under the outstanding loan facilities of the Chapter 15 Debtor." Recognition Order ¶ 3 n.3.

WHEREFORE, the U.S. Trustee respectfully requests that the Court (i) deny the relief requested by the Recognition Order in the absence of changes that satisfactorily address the concerns articulated by the U.S. Trustee in this Reservation of Rights and (ii) grant any such other and further relief that the Court deems just and proper.

        Respectfully Submitted,

**ANDREW R. VARA,**
**ACTING UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: March 6, 2025

By: */s/ Timothy J. Fox*
Timothy J. Fox, Jr. (DE Bar No. 6737)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Timothy.Fox@usdoj.gov