# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 15 |
|  | ) |
| Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.,[1] | ) Case No. 25-10208 (TMH) |
|  | ) |
| Debtor in a Foreign Proceeding. | ) **Re: Docket No. 2** |
|  | ) |

## ORDER GRANTING (I) RECOGNITION
## OF FOREIGN MAIN PROCEEDING, (II) FULL FORCE
## AND EFFECT TO CONCURSO PLAN AND CERTAIN RELATED RELIEF

Upon the form of petition [D.I. 1] and the *Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* (the "**Recognition Motion**")[2] filed by Robert Wagstaff (the "**Petitioner**" or the "**Foreign Representative**"), duly appointed as the foreign representative in with respect to the Mexican Prepack Proceeding of the above-captioned Debtor (the "**Chapter 15 Debtor**") seeking entry of an order (a) granting the Recognition Motion and recognizing the business reorganization proceeding (the "**Mexican Prepack Proceeding**") of Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. pending in the 1st Federal District Court for Bankruptcy Matters with residence in Mexico City and jurisdiction throughout the Mexican Republic as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code; (b) recognizing the Petitioner as the "foreign representative"

---

[1] The last four identifying digits of the tax number and the jurisdiction in which the Chapter 15 Debtor pays taxes is Mexico – 6815.  The Chapter 15 Debtor's corporate headquarters is located at Avenida Insurgentes Sur No. 730, 20th Floor, Colonia del Valle Norte, Alcaldía Benito Juárez, 03103, Mexico City, Mexico.

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Recognition Motion.

(as defined in section 101(24) of the Bankruptcy Code) of the Mexican Prepack Proceeding with respect to the Chapter 15 Debtor; (c) giving full force and effect and granting comity in the United States to the Concurso Plan and Concurso Order; (d) exculpating and releasing the Directed Parties (as defined below) from any liability for any action or inaction taken in furtherance of, and/or in accordance with, among others, the Proposed Order, the Concurso Plan, or the Concurso Order; (e) permanently enjoining all entities from taking any action in the United States that is in contravention of or that is inconsistent with the Concurso Plan or the Concurso Order; and (f) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Recognition Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.) (the "**Amended Standing Order**"); and this being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and venue for this proceeding being proper before this Court under 28 U.S.C. § 1410; and upon the Court's review and consideration of the (i) the form of petition [D.I. 1], (ii) the Recognition Motion [D.I. 2], along with the exhibits annexed thereto, (iii) the *Declaration of Juan Pablo Estrada Michel Pursuant to 28 U.S.C. § 1746* [D.I. 3] (the "**First Mexican Law Declaration**"), (iv) the *Objection of United States International Development Finance Corporation to Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [D.I. 30], (v) the *United States Trustee's Reservation of Rights to Petitioner's Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [D.I. 31], (vi) *Foreign Representative's Reply in Support of Verified Petition*

*for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. § 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [D.I. 39], (vii) the *Supplemental Declaration of Juan Pablo Estrada Michel Pursuant to 28 U.S.C. § 1746* [D.I. 41] (the "**Supplemental Mexican Law Declaration**" and, together with the First Mexican Law Declaration, the "**Mexican Law Declarations**"), and (viii) the *Joinder of the Ad Hoc Group to the Debtor's Reply in Support of the Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect of Concurso Plan and Related Relief* [D.I. 42]; and appropriate and timely notice of the filing of the petition and Recognition Motion having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Recognition Motion, the Mexican Law Declarations, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein; and after notice and a hearing and due deliberation thereon;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order. This is a core proceeding

3

pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

C. The Petitioner is the duly appointed "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, of the Mexican Prepack Proceeding with respect to the Chapter 15 Debtor.

D. This Chapter 15 Case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q) and 7007.1, and Rules 2002-1(h) and 9013-1(m) of the Local Bankruptcy Rules for the District of Delaware (the "**Local Rules**").

F. Due and proper notice of the filing of, and the hearing on, the Recognition Motion has been provided in accordance with the Order Pursuant to Federal Rules of Bankruptcy Procedure 2002(m) and (q) and 9007 Scheduling Hearing and Specifying Form and Manner of Service of Notice [D.I. 23] (the "**Scheduling Order**") and in compliance with the requirements of Bankruptcy Rule 2002(q), which notice is deemed adequate for all purposes, and no other or further notice need be provided.

G. The Mexican Prepack Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

H. The Mexican Prepack Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I. Mexico is the center of main interests of the Chapter 15 Debtor. Accordingly, the Mexican Prepack Proceeding is the "foreign main proceeding" of the Chapter 15 Debtor, as that

term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

   J.  The Petitioner and the Chapter 15 Debtor, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code and to additional assistance and discretionary relief requested in the Petition pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

   K.  Absent permanent injunctive relief, the Mexican Prepack Proceeding and the Chapter 15 Debtor's efforts to consummate the Concurso Plan could be thwarted by the actions of certain creditors, a result that would be inconsistent with the purposes of chapter 15 of the Bankruptcy Code as set forth, *inter alia*, in section 1501(a) of the Bankruptcy Code.  Such actions could threaten, frustrate, delay, and ultimately jeopardize the Mexican Prepack Proceeding and implementation of the Concurso Plan, and, as a result, the Chapter 15 Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

   L.  Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Mexican Prepack Proceeding and Concurso Plan, (iii) is an integral element of the Mexican Prepack Proceeding and Concurso Plan, and/or to their respective effectuation, (iv) confers material benefits on, and is in the best interests of the Chapter 15 Debtor and its creditors, including, without limitation, the holders of NY Notes, and (v) is important to the overall objectives of the Chapter 15 Debtor's consensual restructuring.

   M.  The relief granted herein will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it

is outweighed by the benefits of the requested relief to the Chapter 15 Debtor, its estate, and all of its creditors.

N.     The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Chapter 15 Debtor, its creditors and other parties in interest.

O.     The relief requested herein is necessary and appropriate, in the interests of the public and international comity; it is consistent with the public policy of the United States; it is warranted pursuant to sections 105(a), 1507(a), 1509(b), 1515, 1517, 1520, 1521(a) of the Bankruptcy Code.

P.     For all of the foregoing reasons, and for the reasons stated by the Court at the hearing on the Recognition Motion and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Recognition Motion is granted.

2.     The Petitioner is the duly appointed foreign representative of the Mexican Prepack Proceeding with respect to the Chapter 15 Debtor, within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of the Chapter 15 Debtor in this Chapter 15 Case.

3.     The Petitioner may operate the Chapter 15 Debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code, including, without limitation, the authority to direct the Indenture Trustee.

4.     The Mexican Prepack Proceeding is granted recognition as the foreign main proceeding of the Chapter 15 Debtor pursuant to section 1517 of the Bankruptcy Code.

5. The Concurso Plan and the Concurso Order, including any amendments or modifications thereto, and subject to all limitations and conditions precedent set forth therein, are hereby recognized, granted comity, and given full force and effect to the same extent that they are given effect in Mexico and each is binding on all creditors of the Chapter 15 Debtor, including holders of the NY Notes, the Directed Parties (as defined below), and any of their respective successors or assigns and all persons having notice of the Recognition Motion.[3]

6. All the relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Mexican Prepack Proceeding, the Chapter 15 Debtor, and all parties in interest, as applicable.

7. The Petitioner, the Chapter 15 Debtor, and each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

8. The Directed Parties, their respective agents, attorneys, successors, and assigns are hereby authorized and directed to take actions necessary to implement the restructuring transactions approved by the Concurso Order and shall fully cooperate and facilitate the cancellation of the NY Notes, as applicable, pursuant to the Concurso Plan. Specifically, the Foreign Representative is hereby authorized and directed to provide documentation to the DTC for the cancellation of the NY Notes. Further, the Directed Parties, their respective agents, attorneys, successors, and assigns are hereby authorized and directed to take any other lawful

---

[3] Collectively, the "Directed Parties" are: (i) The Bank of New York Mellon, as the indenture trustee of the NY Notes (the "**Indenture Trustee**"); (ii) the Depository Trust Company ("**DTC**"), Euroclear Bank S.A./N.V., and/or Clearstream Banking, Société Anonyme, as clearing systems, as applicable, (iii) Kroll Agency Services Limited, (iv) the custodians of the NY Notes, and (v) the administrative agents under the outstanding loan facilities of the Chapter 15 Debtor.

actions as provided in the Concurso Plan or Concurso Order or as otherwise instructed by the Foreign Representative that are reasonable and necessary to cancel the NY Notes.

9. The Directed Parties and their respective officers, directors, employees, representatives, advisors, attorneys, professionals, and managers, in each case, solely in their respective capacities as a Directed Party, shall be entitled to a full limitation of liability from and shall have no liability for any and all claims, obligations, suits, judgments, damages, rights, causes of action, liabilities from, or in connection with, any action or inaction taken in furtherance of and/or in accordance with this Order, this Chapter 15 Case, the Prior Chapter 15 Case, the Mexican Liquidation Proceeding, the Involuntary Chapter 11 Case, the Mexican Prepack Proceeding, the Concurso Plan, and/or the Concurso Order, except for any liability arising from any action or inaction constituting gross negligence, fraud or willful misconduct as determined by this Court.

10. As a condition precedent to the cancellation of the NY Notes and pursuant to the terms of the respective indentures of the NY Notes, the Chapter 15 Debtor shall pay or reimburse the reasonable and documented fees, costs and expenses of the Indenture Trustee (including its attorneys' fees, costs and expenses) incurred in connection with the Mexican Prepack Proceeding, this Chapter 15 Case, the Prior Chapter 15 Case, the Mexican Liquidation Proceeding, the Involuntary Chapter 11 Case, and the implementation of the transactions provided for in the Concurso Plan and/or Concurso Order.

11. Subject to sections 1520 and 1521 of the Bankruptcy Code, upon entry of this Order, the Mexican Prepack Proceeding, the Concurso Plan, and the Concurso Order shall be and hereby are granted comity and given full force and effect in the jurisdiction of the United States, and any property of the Chapter 15 Debtor within the territorial jurisdiction of the United States is

protected from actions inconsistent with or interfering with the enforcement and implementation of the Mexican Prepack Proceeding, the Concurso Plan, and Concurso Order, including:

    (a)    executing against any of the Chapter 15 Debtor's assets;

    (b)    commencing or continuing a judicial, administrative, arbitral, or other action or proceeding, or attempt to recover a claim, which in either case in any way relates to, or would interfere with or impede, the administration of the Chapter 15 Debtor's estate in the Mexican Prepack Proceeding, or the solicitation, implementation, or consummations of the Concurso Plan, the Concurso Order, or the terms of this Order, including without limitation any and all unpaid judgments, settlements, notes, or otherwise against the Chapter 15 Debtor, the Petitioner, the Indenture Trustee, or the DTC, in the United States and any of their successors or assigns;

    (c)    taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claims against the Chapter 15 Debtor or any of its property;

    (d)    transferring, relinquishing, or disposing of any property of the Chapter 15 Debtor to an entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioner; or

    (e)    commencing or continuing an individual action or proceeding concerning the Chapter 15 Debtor's assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to sections 1520(a) and 362 of the Bankruptcy Code;

12.    Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining (a) the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or staying the exercise of any rights not stayed pursuant to section 362(o) of the Bankruptcy Code, (b) any action permitted or contemplated by or taken with respect to the implementation of (i) the Concurso Plan (ii) the Concurso Order, or (iii) any agreement entered into in connection with the Concurso Plan, or (c) solely to the extent that the Concurso Plan is no longer effective under Mexican law for any reason, any action that is not prohibited by the Mexican Court with jurisdiction over the Concurso Plan or Mexican law.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14. Nothing in this Order shall prohibit or enjoin any party in interest from participating in the Mexican Prepack Proceeding, including any appeals thereto.

15. Nothing in this Order shall limit any right of any Indenture Trustee to collect its respective fees and expenses from the holders of the NY Notes, or its liens on any payment made of consideration given with respect to such securities, as applicable, and in each case as and to the extent set forth in the documents governing the NY Notes.

16. Certain rights of the Indenture Trustee under the respective indentures of the NY Notes shall be preserved as set forth herein.

17. Nothing in this Order shall limit or impair the present or future rights of holders (or their agents) of debt or equity issued in accordance with the Concurso Plan, which instruments and obligations, once issued and in effect, shall be enforceable obligations of the Chapter 15 Debtor that are not subject to any modification or override except in accordance with their express terms.

18. A copy of this Order, confirmed to be true and correct, shall be served by the Petitioner, within seven business days of entry of this Order, in accordance with this Court's Scheduling Order. Such service shall be good and sufficient service and adequate notice for all purposes.

19. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, enforcement, amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

*Thomas M. Horan*

**Dated: March 11th, 2025**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 32535801v.1